UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                               11-CR-6160L

                            v.

FIRKON JAMES,

                                Defendant.
_____

       This Court referred all pretrial matters and motions in this criminal case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). The defendant, Firkon James ("James"), filed pretrial motions, including a motion to suppress physical evidence seized from 353 Wellington Avenue, Rochester, New York pursuant to a federal search warrant and a motion to suppress oral and written statements made by James on the day of his arrest to federal agents. Papers were filed before the Magistrate Judge on the motions and there was a suppression hearing held before him.

       The Magistrate Judge issued a thorough Report and Recommendation (Dkt. #35) recommending that both motions to suppress be denied. Objections were duly filed by James to that Report and Recommendation.

       I have reviewed the Report and Recommendation, the objections, as well as a transcript of the suppression hearing held on January 17, 2012. In sum, I find no basis to reject or modify the Report and Recommendation of Magistrate Judge Feldman.

       Concerning the motion to suppress evidence seized from 353 Wellington Avenue, Rochester, New York, I agree with Magistrate Judge Feldman that there was probable cause to support the federal warrant for search of the premises. There was ample direct and circumstantial evidence relating to the premises, James' connection to it, and his several drug episodes which occurred in the immediate vicinity of the premises. Magistrate Judge Feldman recited all of the relevant evidence,

and I believe that there was probable cause to issue the warrant. The test is not certainty but a "fair probability" that contraband or evidence would be located at the premises.

I also agree with the Magistrate Judge that there are no circumstances justifying a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154. The matters raised by James that suggest that such a hearing should be held warrant no such thing. I agree with Magistrate Judge Feldman that there is no basis for a *Franks* hearing.

Concerning the motion to suppress post-arrest statements, James' sole grounds for contesting the statements appears to be his contention that the statement was not voluntary. Although there originally was a challenge on Fifth Amendment grounds, the evidence at the hearing established, without contradiction, that James did receive the full panoply of *Miranda* warnings. I agree with Magistrate Judge Feldman that there is no credible evidence that James' statement was not voluntarily given. James did not testify and the two officers who did, denied that there was any coercion or promises of leniency for James' girlfriend should he cooperate. Furthermore, as Magistrate Judge Feldman indicates in his Report, there is ample authority that such indications of leniency for others does not necessarily make a defendant's statement involuntary. In sum, there is no evidence that James made his statement involuntarily.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #35) of United States Magistrate Judge Jonathan W. Feldman.

I deny defendant's motions (Dkt. #22) to suppress physical evidence obtained pursuant to a search warrant and statements made.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 18, 2012.